**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | |
| *Plaintiffs*, | Case No.  6:22-cv-534 |
| v. | **JURY TRIAL DEMANDED** |
| CURRENT LIGHTING SOLUTIONS, LLC D/B/A GE CURRENT, | |
| *Defendant*. | |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. ("Super Lighting") and Obert, Inc. ("Obert") (collectively "Plaintiffs") hereby assert the following claims for patent infringement against Defendant Current Lighting Solutions, LLC d/b/a GE Current ("GE Current" or "Defendant"), and allege as follows:

## THE PARTIES

1.      Plaintiff Super Lighting is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

2.      Plaintiff Obert is the North American affiliate of Super Lighting and is a corporation organized under the California law, with a principal place of business at 1380 Charles Willard St., Carson, CA 90746.

3.      On information and belief, Defendant GE Current is a Delaware limited liability company.  GE Current has a regular and established place of business at 103 Jessica Lane Unit A, Del Rio, TX.

4.      This is an action for patent infringement.  Plaintiffs bring this case to recover damages for willful patent infringement and to stop the unlicensed sale by GE Current of LED tube lamp products which infringe U.S. Patent Nos. 10,295,125 ("the '125 Patent"), 9,939,140 ("the '140 Patent"), 11,112,068 ("the '068 Patent"), and 9,841,174 ("the '174 Patent").

## BACKGROUND OF THE PARTIES

5.      Super Lighting and Obert share a parent, Zhejiang Super Lighting Electric Appliance Co. Ltd. (collectively in this section the three companies are referred to as the "Super Lighting Group").

6.     With approximately 2,000 employees worldwide, the Super Lighting Group is focused on creating more environmentally friendly and sustainable products, such as its full range of energy efficient tube lighting products from fluorescent lamps to LED lighting.  The Super Lighting Group is an industry leading manufacturer who is a major supplier of LED tubes to many brand name companies in the United States and throughout the world.

7.     Almost 30 years ago, in 1993, the Super Lighting Group was founded.  Since then, the Super Lighting Group has conducted significant research, development, and innovation in the area of lighting technologies, including fluorescent and LED tube lamp products.  The Super Lighting Group's investment and continuous innovation have driven progress across the lighting industry, including in the areas of safety, reliability and energy efficiency.  The Super Lighting Group has a patent portfolio of over 1,000 issued patents and patent applications worldwide, primarily related to LED tube lamps.

8.     GE Current imports, distributes, sells, and offers to sell the products accused of infringement in this case in this district, throughout Texas, and throughout the United States.

## JURISDICTION AND VENUE

9.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.    This Court has personal jurisdiction over GE Current. GE Current conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

11.     Personal jurisdiction by this Court over GE Current is appropriate at least under a specific jurisdiction and/or stream of commerce theory.  Upon information and belief, GE Current imports LED tube lamp products, including the infringing products in this case, through several ports of entry throughout the United States.  GE Current intends for its LED tube lamp products to be sold throughout the United States, including Texas.  In addition, GE Current delivers LED tube lamp products, including the products accused of infringement in this case, into the stream of commerce with the expectation that they will be purchased by customers in Texas.  GE Current intends to and actually does serve the Texas market, either directly or indirectly, with its LED tube lamp products.  For example, GE current sells the products accused of infringement to at least Elliott Electric Supply Inc. ("Elliott"), which maintains retail locations throughout this district. GE Current is aware that its products will reach Texas, and is further aware that its LED tube lamp products are actually sold in Texas.  These infringing products have been and continue to be purchased by and used by consumers in Texas (and in this District).  GE Current's affirmative acts of providing instruction manuals for the accused products have induced and continue to induce GE Current's customers, and/or end users to use the accused products in their normal and customary way to infringe the asserted patents.  The exercise of jurisdiction over GE Current would be fair and reasonable.

12.     Personal jurisdiction by this Court over GE Current is also appropriate because GE Current has had and has substantial, continuous, and systematic contacts with this forum and has purposefully availed itself of the benefits of conducting activities in the forum by purposefully directing its activities toward this state and this District, including by operating a regular and established place of business at 103 Jessica Lane Unit A in Del Rio, Texas.  On information and belief, GE Current sells and offers for sale the products accused of infringement

in this state, which it distributes through this location.  GE Current, therefore, obtains the benefits and protections of the State of Texas' laws.  This dispute arises out of and has a substantial connection with GE Current's contacts with this state and its infringement in this state, and the exercise of jurisdiction would be fair and reasonable.

13.     Plaintiffs incorporate herein the allegations contained in the preceding paragraphs. Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391 (b) and (c) and 28 U.S.C. § 1400(b).  GE Current may be sued in this district because it has a regular and established place of business in this district, and because it commits acts of infringement (*i.e.*, sells and offers to sell accused products) in this district.  Specifically, GE Current has a regular and established place of business at 103 Jessica Lane Unit A in Del Rio, Texas.  GE Current sells and/or offers for sale the products accused of infringement at this location and/or distributes the products accused of infringement from this location, including to customers in this district.

14.     Venue is also convenient in this district because this Court is already familiar with certain asserted patents in this case.  Plaintiffs filed *Jiaxing Super Lighting Electric Appliance Co., Ltd. et al v. CH Lighting Technology Co. Ltd et al*, No. 6:20-cv-00018 (*"CH Lighting"*) in this District on January 10, 2020, and further filed an amended complaint on March 16, 2020. Plaintiffs asserted, *inter alia*, the '125 and '140 patents.  This Court held a claim construction hearing on October 22, 2020 and issued a claim construction order on October 24, 2020.  This Court also heard numerous discovery disputes and substantive motions (including *Daubert* motions) relating to the subject matter of the asserted patents.  The Court further presided over a jury trial on November 1-4, 2021 which resulted in a jury verdict that all asserted patents were valid and infringed by all defendants, including by GE Current products, and that the infringement by two defendants was willful.

**THE PATENTS-IN-SUIT**

15.     Super Lighting is the current owner and assignee of over 200 U.S. Patents, including U.S. Patent Nos. 10,295,125 ("the '125 Patent"), 9,939,140 ("the '140 Patent"), 11,112,068 ("the '068 Patent"), and 9,841,174 ("the '174 Patent") (collectively the "Patents-In-Suit").  Super Lighting has the right to bring and join actions by Obert to recover damages for Defendant's infringement of the Patents-In-Suit.

16.     Obert is the exclusive licensee of the Patents-In-Suit and has the right to bring and join actions by Super Lighting to recover damages for Defendant's infringement of the Patents-In-Suit.

17.     The '125 Patent duly and legally issued on May 21, 2019.  The '125 Patent is valid and enforceable.  The '125 Patent is attached hereto as Exhibit 1.

18.     The '140 Patent duly and legal issued on April 10, 2018.  The '140 Patent is valid and enforceable.  The '140 Patent is attached hereto as Exhibit 2.

19.     The '068 Patent duly and legally issued on September 7, 2021.  The '068 Patent is valid and enforceable.  The '068 Patent is attached hereto as Exhibit 3.

20.     The '174 Patent duly and legally issued on December 12, 2017.  The '174 Patent is valid and enforceable.  The '174 Patent is attached hereto as Exhibit 4.

**GE CURRENT'S KNOWLEDGE OF ASSERTED PATENTS**

21.     Plaintiffs reached out to GE Current on numerous occasions in order to seek a business relationship manufacturing Plaintiffs' patented, high-quality LED Tube Lamps for GE Current.  In the course of those discussions, Plaintiffs informed GE Current about their rights to the Patents-In-Suit.  However, GE Current, with knowledge of Plaintiffs' patent rights, chose

instead to purchase infringing LED Tube Lamps from other suppliers, including the *CH Lighting* defendants.

22.     For example, on March 26, 2018, Barry Qin, Super Lighting's General Manager of sales, emailed Wang Zhiyong of GE Current, attaching a copy of the '174 Patent and making the team aware of the '174 Patent.  A true and correct copy of that email is attached as Exhibit

23.     5.

24.     Plaintiffs and GE Current continued to discuss Plaintiffs' patent rights.  For example, on April 7, 2020, Wang Dazhen of GE Current emailed Lois Jin of Super Lighting, saying "we know you have some patents on this part to protect your design.  Could you help to share your patents.  We need evaluate your design and take actions then."  In response, Super Lighting prepared a list of patents in several groups and sent it to Mr. Wang, as well as Qi Yan of GE Current.  This list identified the '125 Patent, '140 Patent, and '174 Patent, making GE Current aware of the '125 Patent, '140 Patent, and '174 Patent.  A true and correct copy of that email exchange and the attached list of patents is attached as Exhibit 6.

25.     In the *CH Lighting* case, Plaintiffs sought discovery from GE Current regarding infringing GE Current products sold in the US, including products purchased from CH Lighting and/or sold to Elliott.  A true and correct copy of a subpoena served to GE Current on March 3, 2021 is attached as Exhibit 7.  The subpoena identified infringing GE products including the "BDT" series of products, including without limitation the GE LED14BDT8/G4/840, and identified the '140 Patent and '125 Patent as asserted patents in the case.

26.     In the *CH Lighting* case, the defendants stipulated that all accused products infringed the '140 Patent and '125 Patent, including all accused GE Current products either purchased from CH Lighting or sold to Elliott.  The *CH Lighting* defendants disputed whether

certain products (including GE Current products) having the LT2600 and LT2600G integrated shock protection circuits infringed the '140 Patent.  However, after hearing fact and expert testimony about the operation of the LT2600 integrated circuit, the jury found that the accused products with the LT2600 and LT2600G circuit also infringed the '140 Patent.  The Court granted Judgment as a Matter of Law that the defendants had failed to prove that the '125 Patent was invalid, and the jury found that the defendants had further failed to prove the '140 Patent invalid.  The jury further found that the infringement by defendants CH Lighting Technology Co. Ltd. and Shaoxing Ruising Lighting Co., Ltd. was willful.

27.     GE Current was on notice of the *CH Lighting* case through having been served with a subpoena in the litigation, and because the case was a matter of public record.  For example, the infringement by GE Current products, including products having the LT2600 and LT2600G integrated circuits, was discussed in detail on the public record of the trial.  Further, the *CH Lighting* verdict was reported in several news outlets, including Law.com, World IP Review, Law360, Bloomberg Law, and Patent Lawyer magazine.

28.     On March 19, 2021, Barry Qin of Super Lighting again contacted Gino Marella and Matthew Coury of GE Current, advising GE Current of the benefits of purchasing Super Lighting LED Tube Lamps and of Super Lighting's patent portfolio, including the '140 Patent, '125 Patent, and '174 Patent.  A true and correct copy of that email is attached as Exhibit 8.

29.     On April 4, 2022, Plaintiff's counsel sent Gino Marella, GE Current's Global Product General Manager, a letter which informed GE Current of its prior correspondence, that GE Current's BDT series of LED tube lamps were found to infringe the '140 Patent and the '125 Patent, and that GE Current also infringes the '174 Patent.  The letter further ask that GE Current cease its infringing sales.  A true and correct copy of that letter is attached as Exhibit 9.

30.     On April 22, 2022, Plaintiff's counsel sent an additional letter demanding that GE Current cease its infringing sales.  A true and correct copy of that letter is attached as Exhibit 10.

31.     Despite being placed on notice of the Patents-In-Suit and its infringement of the Patents-In-Suit, GE Current has continued to sell products that infringe the Patents-In-Suit in violation of Plaintiff's patent rights.

32.     On information and belief, GE Current chose to continue to purchase and sell infringing products because infringing products were less expensive than Plaintiff's products.

33.     For example, GE Current has continued to sell specific products that were found to infringe the '140 Patent and the '125 Patent in the *CH Lighting* case, including the LED14BDT8/G4/840, including products made by CH Lighting as well as other suppliers, as well as other products containing the LT2600 and LT2600G integrated circuit which contains the functionality found to infringe the '140 Patent.  GE Current has continued to purchase such infringing products from CH Lighting and other suppliers in addition to CH Lighting, and has continued to sell such infringing products to Elliott as well as other distributors and customers.

34.     GE Current had an obligation to investigate its infringement of the Patents-In-Suit due both to the notice provided by Plaintiffs and GE Current's knowledge of the *CH Lighting* case and the infringement findings in the *CH Lighting* case.

35.     On information and belief, GE Current either investigated the Patents-In-Suit and did not identify reasonable defenses for its infringement, or willfully refused to investigate its infringement of the Patents-In-Suit.

36.     GE Current has never provided any excuse for its continued infringement of Plaintiffs' patents.

37.     GE Current has never ceased its infringement and continues to sell infringing products.

38.     GE Current is also aware of the Patents-In-Suit and its ongoing infringement of them through the filing of this lawsuit.

## COUNT 1

### (Infringement of U.S. Patent No. 9,939,140)

39.     Plaintiffs repeat and re-allege the allegations above as if fully set forth herein.

40.     GE Current has infringed and continues to infringe one or more claims of the '140 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  GE Current has actively induced infringement without authority in violation of 35 U.S.C. § 271(b).  GE Current continues to induce infringement without authority in violation of 35 U.S.C. § 271(b).

41.     GE Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 4 of the '140 Patent at least by using, offering to sell, importing, and/or selling at least the LED14BDT8/G4/840.  For example, upon information and belief GE Current purchases the LED14BDT8/G4/840 from manufacturers in China, imports or encourages others to import the LED14BDT8/G4/840 into the United States, and distributes and sells the LED14BDT8/G4/840 in the United States with knowledge that the LED14BDT8/G4/840 infringes the '140 Patent and the intent for distributors and customers to sell, offer to sell, and use the LED14BDT8/G4/840 and similar infringing tube lamps. Distributors and end users directly infringe the '140 Patent by selling, offering to sell, and using infringing products including at least the LED14BDT8/G4/840 and other products which infringe in a similar manner.

42.     The LED14BDT8/G4/840 satisfies each of the limitations of at least claim 4 of the '140 Patent.

43.     For example, the LED14BDT8/G4/840 comprises an installation detection circuit configured in a light-emitting diode (LED) tube lamp configured to receive an external driving signal corresponding to common AC line voltage via input pins:



44.     The installation detection circuit comprises a pulse generating circuit configured to output one or more pulse signal.  For example, a simplified circuit diagram based on a

teardown and circuit analysis shows that the LT2600G integrated circuit in the

LED14BDT8/G4/840 contains a pulse generator:



45.    The installation detection circuit in the LED14BDT8/G4/840 is configured to

detect during at least one of the one or more pulse signals whether the LED tube lamp is properly

installed on a lamp socket, based on detecting a signal generated from the external driving signal.

For example, the installation detection circuit contains a circuit which measures impedance from

the main loop of the LED tube lamp circuit and compares it to a reference voltage.

46.    The installation detection circuit in the LED14BDT8/G4/840 contains a switch

circuit coupled to the pulse generating circuit, wherein the one or more pulse signals control

turning on and off of the switch circuit.  As shown above, the output of the pulse generator and associated logic controls a switch circuit CP2.

47.     The installation detection circuit in the LED14BDT8/G4/840 is further configured to: when it is detected during one of the one or more pulse signals that the LED tube lamp is not properly installed on the lamp socket, control the switch circuit to remain in an off state to cause a power loop of the LED tube lamp to be open; and when it is detected during one of the one or more pulse signals that the LED tube lamp is properly installed on the lamp socket, control the switch circuit to remain in a conducting state to cause the power loop of the LED tube lamp to maintain a conducting state.  For example, testing of the LED14BDT8/G4/840 using simulated proper and improper connections shows that loop current does not begin to flow until the installation transitions from correct to incorrect:



13

48.   The signal generated from the external driving signal on the LED14BDT8/G4/840 is a sampling signal on the power loop, the installation detection circuit further comprises a detection determining circuit configured to detect the sampling signal for determining whether the LED tube lamp is properly installed on the lamp socket, and the power loop includes the switch circuit and the detection determining circuit:



49.   The installation detection circuit in the LED14BDT8/G4/840 further includes a detection result latching circuit coupled to the switch circuit, wherein the detection result latching circuit is configured to receive the one or more pulse signals to control turning on and off of the switch circuit based on a detection result signal from the detection determining circuit:



50.    On information and belief, GE Current makes, uses, offers to sell, sells, and/or imports into the United States additional LED tube lamps that infringe the '140 Patent in a similar manner as the representative LED14BDT8/G4/840, including at least the GE Current models using the LT2600 or LT2600G integrated circuit and the models substantially similar to GE Current models such as the LED9BDT5G2/840HE, LED11BDT5/G2/840, LED13BDT8/G4/840XL, LED13ABT8/G4/840 and those found at Exhibit 7.

51.    GE Current has committed and continues to commit acts of infringement that GE Current knew or should have known constituted an unjustifiably high risk of infringement of the '140 Patent.  GE Current's conduct has been egregious for at least the reasons set forth in the

Complaint, including but not limited to its deliberate continued infringement while at the same time disregarding multiple communications from Super Lighting and the outcome of the *CH Lighting* trial.  GE Current's infringement of the '140 Patent has been and continues to be deliberate and willful, entitling Plaintiffs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

52.      GE Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs.  Plaintiffs will continue to suffer damage and irreparable injury until that infringement is enjoined by this Court.  Plaintiffs are entitled to preliminary and permanent injunctive relief and damages as a result of GE Current's infringement of the '140 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT 2

### (Infringement of U.S. Patent No. 10,295,125)

53.      Plaintiffs repeat and re-allege the allegations above as if fully set forth herein.

54.      GE Current has infringed and continues to infringe one or more claims of the '125 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  GE Current has actively induced infringement without authority in violation of 35 U.S.C. § 271(b).  GE Current continues to induce infringement without authority in violation of 35 U.S.C. § 271(b).

55.      GE Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1 of the '125 Patent at least by using, offering to sell, importing, and/or selling at least the LED14BDT8/G4/840.  For example, upon information and belief GE Current purchases the LED14BDT8/G4/840 from manufacturers in China, imports or encourages others to import the LED14BDT8/G4/840 into the United States, and distributes

and sells the LED14BDT8/G4/840 in the United States with knowledge that the LED14BDT8/G4/840 infringes the '125 Patent and the intent for distributors and customers to sell, offer to sell, and use the LED14BDT8/G4/840 and similar infringing tube lamps. Distributors and end users directly infringe the '125 Patent by selling, offering to sell, and using infringing products including at least the LED14BDT8/G4/840 and other products which infringe in a similar manner.

56.     The LED14BDT8/G4/840 satisfies all of the claim limitations of at least claim 1 of the '125 Patent.

57.     For example, the LED14BDT8/G4/840 is an LED tube lamp comprising a lamp tube; two end caps, each of the two end caps coupled to a respective end of the lamp tube; a power supply disposed in one or two end caps:



58.     The LED14BDT8/G4/840 further comprises an LED light strip disposed on an inner circumferential surface of the lamp tube, the LED light strip comprising a mounting region and a connecting region, the mounting region for mounting a plurality of LED light sources, the connecting region having at least two soldering pads, and the mounting region and the connecting region being electrically connected to the plurality of LED light sources and the power supply:



59. The LED14BDT8/G4/840 further comprises a protective layer disposed on a surface of the LED light strip, the protective layer having a plurality of first openings to accommodate the plurality of LED light sources and at least two second openings to accommodate the at least two soldering pads:



60.     On information and belief, GE Current makes, uses, offers to sell, sells, and/or imports into the United States additional LED tube lamps that infringe the '125 Patent in a similar manner as the representative LED14BDT8/G4/840, including at least the models substantially similar to GE Current models such as the LED9BDT5G2/840HE, LED11BDT5/G2/840, LED13BDT8/G4/840XL, LED13ABT8/G4/840 and those found at Exhibit 7.

61.     GE Current has committed and continues to commit acts of infringement that GE Current knew or should have known constituted an unjustifiably high risk of infringement of the '125 Patent.  GE Current's conduct has been egregious for at least the reasons set forth in the Complaint, including but not limited to its deliberate continued infringement while at the same time disregarding multiple communications from Super Lighting and the outcome of the *CH Lighting* trial.  GE Current's infringement of the '125 Patent has been and continues to be

deliberate and willful, entitling Plaintiffs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

62.     GE Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs.  Plaintiffs will continue to suffer damage and irreparable injury until that infringement is enjoined by this Court.  Plaintiffs are entitled to preliminary and permanent injunctive relief and damages as a result of GE Current's infringement of the '125 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT 3

### (Infringement of U.S. Patent No. 11,112,068)

63.     Plaintiffs repeat and re-allege the allegations above as if fully set forth herein.

64.     GE Current has infringed and continues to infringe one or more claims of the '068 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  GE Current has actively induced infringement without authority in violation of 35 U.S.C. § 271(b).  GE Current continues to induce infringement without authority in violation of 35 U.S.C. § 271(b).

65.     GE Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 31 of the '068 Patent at least by using, offering to sell, importing, and/or selling at least the LED14BDT8/G4/840.  For example, upon information and belief GE Current purchases the LED14BDT8/G4/840 from manufacturers in China, imports or encourages others to import the LED14BDT8/G4/840 into the United States, and distributes and sells the LED14BDT8/G4/840 in the United States with knowledge that the LED14BDT8/G4/840 infringes the '068 Patent and the intent for distributors and customers to sell, offer to sell, and use the LED14BDT8/G4/840 and similar infringing tube lamps.

Distributors and end users directly infringe the '068 Patent by selling, offering to sell, and using infringing products including at least the LED14BDT8/G4/840 and other products which infringe in a similar manner.

66.     The LED14BDT8/G4/840 satisfies each of the limitations of at least claim 31 of the '068 Patent.

67.     For example, the LED14BDT8/G4/840 is an LED tube lamp, comprising a glass tube and two end caps, each of the two end caps coupled to a respective end of the glass tube:



68.    The LED14BDT8/G4/840 further comprises an LED light strip attached to an inner circumferential surface of the glass tube and a plurality of LED light sources mounted on the LED light strip:



69.    The LED14BDT8/G4/840 further comprises at least two first soldering pads arranged at one end of the LED light strip and a protective layer disposed on a surface of the LED light strip, the protective layer comprising at least two first opening to expose the two first soldering pads:



70.    The LED14BDT8/G4/840 further comprises a power supply module comprising a printed circuit board and configured to drive the plurality of LED light sources, the printed



circuit board comprising at least two second soldering pads, one of the two first soldering pads soldered to one of the respective second soldering pads by a solder:




**Power supply**

71.    The power supply module comprises a rectifying circuit and a filtering circuit coupled to the rectifying circuit:



72.    The solder is disposed on one of the two first soldering pads and one of the

respective second soldering pads and covering an edge of the end of the LED light strip:



73.     On information and belief, GE Current uses, offers to sell, sells, and/or imports into the United States additional LED tube lamps that infringe the '068 Patent in a similar manner as the representative LED14BDT8/G4/840, including at least the models substantially similar to GE Current models such as the LED13BDT8/G4/840XL and those found at Exhibit 7.

74.     GE Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs.  Plaintiffs will continue to suffer damage and irreparable injury until that infringement is enjoined by this Court.  Plaintiffs are entitled to preliminary and permanent injunctive relief and damages as a result of GE Current's infringement of the '068 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**COUNT 4**

**(Infringement of U.S. Patent No. 9,841,174)**

75.     GE Current has infringed and continues to infringe one or more claims of the '174 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  GE Current has actively induced infringement without authority in violation of 35 U.S.C. § 271(b).  GE Current continues to induce infringement without authority in violation of 35 U.S.C. § 271(b).

76.     GE Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 10 of the '174 Patent at least by using, offering to sell, importing, and/or selling at least the LED14BDT8/G4/840.  For example, upon information and belief GE Current purchases the LED14BDT8/G4/840 from manufacturers in China, imports or encourages others to import the LED14BDT8/G4/840 into the United States, and distributes and sells the LED14BDT8/G4/840 in the United States with knowledge that the

LED14BDT8/G4/840 infringes the '174 Patent and the intent for distributors and customers to sell, offer to sell, and use the LED14BDT8/G4/840 and similar infringing tube lamps. Distributors and end users directly infringe the '174 Patent by selling, offering to sell, and using infringing products including at least the LED14BDT8/G4/840 and other products which infringe in a similar manner.

77.     The LED14BDT8/G4/840 satisfies each of the limitations of at least claim 10 of the '174 Patent.

78.     For example, the LED14BDT8/G4/840 is a ballast by-pass light-emitting diode (LED) tube lamp, comprising a lamp tube and two end caps, each having an external connection terminal, and each coupled to a respective end of the lamp tube, wherein the external connection terminals are configured to receive an external driving signal, and an LED module, configured to emit light based on the external driving signal:





79.    Circuit analysis of the power supply within the LED14BDT8/G4/840 further

shows that the power supply includes an installation detection module within the LT2600G

integrated circuit, coupled on a power loop of the LED tube lamp and configured to detect a

transient current on the power loop and compare the transient current with a predefined signal.

Specifically, the installation detection module measures a transient current on the power loop and

compares a signal from an impedance estimator based on the transient current to a predefined

reference:



80.     When the signal level of the transient current is smaller than the predefined signal, the installation detection module limits a current on the power loop to less than 5 MIU (measurement indication units) by controlling a conduction state of the power loop, by opening a switch CP2 on the power loop.  For example, when the LED tube lamp is improperly installed, the loop current remains below 5 MIU:



81.     On information and belief, GE Current makes, uses, offers to sell, sells, and/or imports into the United States additional LED tube lamps that infringe the '174 Patent in a similar manner as the representative LED14BDT8/G4/840, including at least the GE Current models using the LT2600 or LT2600G integrated circuit and the models substantially similar to GE Current models such as the LED9BDT5G2/840HE, LED11BDT5/G2/840, LED13BDT8/G4/840XL, LED13ABT8/G4/840 and those found at Exhibit 7.

82.     GE Current has committed and continues to commit acts of infringement that GE Current knew or should have known constituted an unjustifiably high risk of infringement of the '174 Patent.  GE Current's conduct has been egregious for at least the reasons set forth in the Complaint, including but not limited to its deliberate continued infringement while at the same time disregarding multiple communications from Super Lighting.  GE Current's infringement of

the '174 Patent has been and continues to be deliberate and willful, entitling Plaintiffs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

83.     GE Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs.  Plaintiffs will continue to suffer damage and irreparable injury until that infringement is enjoined by this Court.  Plaintiffs are entitled to preliminary and permanent injunctive relief and damages as a result of GE Current's infringement of the '174 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A.     A judgment that Defendant has infringed one or more claims of each of the Patents-In-Suit.

B.     A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendant, from infringing the Patents-In-Suit;

C.     An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

D.     A judgment and order finding that Defendant's acts of infringement were egregious and willful and trebling damages under 35 U.S.C. § 284;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees against Defendant;

F.      A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to Plaintiffs, including, without limitation, prejudgment and postjudgment interest; and

G.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

H.      An award of supplemental damages for any continuing post-verdict infringement up until final judgment.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  May 24, 2022                                  Respectfully submitted,

                                                     **PERKINS COIE LLP**


                                                     */s/ Matthew C. Bernstein*
                                                     Matthew C. Bernstein
                                                     (CA Bar No. 199240)
                                                     mbernstein@perkinscoie.com
                                                     Joseph P. Reid
                                                     (CA Bar No. 211082)
                                                     jreid@perkinscoie.com
                                                     Miguel J. Bombach
                                                     (CA Bar No. 274287)
                                                     mbombach@perkinscoie.com
                                                     Evan S. Day (*Pro Hac Vice To Be Filed*)
                                                     eday@perkinscoie.com
                                                     Wei Yuan (*Pro Hac Vice To Be Filed*)
                                                     wyuan@perkinscoie.com
                                                     Helen Zhang (*Pro Hac Vice To Be Filed*)
                                                     hzhang@perkinscoie.com
                                                     11452 El Camino Real, Suite 300
                                                     San Diego, CA 92130-2080
                                                     Tel. (858) 720.5700
                                                     Fax (858) 720.5799

                                                     **ATTORNEYS FOR PLAINTIFFS JIAXING
                                                     SUPER LIGHTING ELECTRIC
                                                     APPLIANCE CO., LTD. AND OBERT,
                                                     INC.**