**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD. AND OBERT, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case. No. 6:22-CV-534 |
| CURRENT LIGHTING SOLUTIONS, LLC d/b/a GE CURRENT, | § § § § | |
| Defendants. | § | |

**DEFENDANT CURRENT LIGHTING SOLUTIONS, LLC'S
<u>OPPOSED MOTION FOR TRANSFER OF VENUE</u>**

**<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION ............................................................................................... 1

II.     FACTUAL BACKGROUND ............................................................................... 1

    A.    Super Lighting Accuses Products Researched and Developed in the Northern District of Ohio ............................................................................................................... 1

    B.    Current Lighting's Likely Witnesses and Documents are Located in the Northern District of Ohio ...................................................................................................... 2

    C.    Super Lighting Has No Connections to the Western District of Texas ........................... 3

    D.    No Potential Third-Party Witnesses or Evidence Are Located in the Western District of Texas ...................................................................................................................... 4

III.    STATEMENT OF THE LAW ............................................................................ 4

IV.    THE TRANSFER ANALYSIS FAVORS Transfer to THE NORTHERN DISTRICT OF OHIO ............................................................................................. 5

    A.    This Action Could Have Been Brought in the Northern District of Ohio ....................... 7

    B.    The Private Interest Factors Favor Transfer to the Northern District of Ohio................ 7

        1.   Convenience and Cost for Willing Witnesses Strongly Favors Transfer ..................... 8

        2.   Relative Ease of Access to Sources of Proof Strongly Favors Transfer ..................... 9

        3.   Availability of Compulsory Process Favors Transfer ................................................. 11

        4.   Other Practical Factors Are Neutral ............................................................................. 12

    C.    The Public Interest Factors Favor Transfer to the Northern District of Ohio................ 13

        1.   Local Interest in Adjudicating Local Disputes Favors Transfer ................................. 13

        2.   Administrative Difficulties Flowing from Court Congestion is Neutral ..................... 14

        3.   Familiarity With the Law, and Avoidance of Conflicts Factors Are Neutral ............. 15

V.      CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALSI Holdings, LLC v. Current Lighting Solutions, LLC d/b/a GE Current*,
  Case No. 6-21-cv-01187, 2022 WL 3702268 (W.D. Tex. Aug. 26, 2022) ..............................7

*In re: Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020).................................................................................13, 14

*In re DISH Network L.L.C.*,
  No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)...................................................11

*In Re: FedEx Corporate Servs., Inc.*,
  Case No. 22-156, 2022 WL 10887770 (Fed. Cir. Oct. 19, 2022)...................................8, 9, 13

*Fintiv, Inc. v. Apple Inc.*,
  No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ...........................8

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009).................................................................4, 8, 10, 12, 14

*Gesture Tech. Partners, LLC v. Apple Inc.*,
  No. 6:21-cv-121-ADA, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) .................................6

*In re Google LLC*,
  No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ...........................................9, 13

*In re Google LLC*,
  No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)........................................10, 11, 13

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .................................................10

*In re HP Inc.*,
  No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .................................................11

*In re Hulu, LLC*,
  No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) .......................................12, 14, 15

*LBT IP II LLC v. Uber Techs., Inc.*,
  No. 6:21-CV-1210-ADA, 2022 WL 2541355 (W.D. Tex. July 6, 2022)..............................10

*LED Wafer Solutions, LLC v Samsung Elecs. Co., Ltd.*,
  No. 6:21-cv-292-ADA, Dkt. 95 (W.D. Tex. Aug. 22, 2022).....................................................6

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
  6:21-cv-00097-ADA, 2022 WL 1593366 (W.D. Tex. Dec. 8, 2021).......................................9

*Moskowitz Family LLC v. Globus Med.*,
  No. 6:19-cv-00672-ADA, 2020 WL 4577710 (W.D. Tex. July 2, 2020)................................6

*Motion Offense, LLC v. Google LLC,*
  No. 6:21-cv-514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022)........................6, 11, 13

*In re Nintendo, Co. Ltd,*
  589 F.3d 1194 (Fed. Cir. 2009).......................................................................................5, 8, 10

*In re Pandora Media, LLC,*
  No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021).....................................................9

*In re Samsung Elecs. Co., Ltd.,*
  2 F.4th 1371 (Fed. Cir. 2021) ..........................................................................................12, 14

*Super Interconnect Techs. v. Google LLC,*
  No. 6:21-CV-00259-ADA, 2021 WL 6015465 (W.D. Tex. Nov. 5, 2021)...........................11

*In re Toa Techs., Inc.,*
  543 F. App'x 1006 (Fed. Cir. 2013) ......................................................................................10

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008)......................................................................................4, 5, 15

*VoIP-Pal.com, Inc. v. Google LLC,*
  No. 6:20-cv-269-ADA, 2022 WL 4546553 (W.D. Tex. Sept. 21, 2022) .................................6

*In re Volkswagen AG,*
  371 F.3d 201 (5th Cir. 2004) ........................................................................................1, 5, 8

*In re Volkswagen of Am., Inc.,*
  545 F.3d 304 (5th Cir. 2008) .....................................................................5, 9, 10, 11, 12

*XR Commc'ns, LLC v. Google LLC,*
  No. 6:21-cv-625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) .................................6

**Rules and Statutes**

28 U.S.C. § 1404.................................................................................................................1, 4, 5, 7

Fed. R. Civ. P. 45....................................................................................................................11

Pursuant to 28 U.S.C. § 1404(a), Current Lighting Solutions, LLC ("Defendant" or "Current Lighting") moves the Court to transfer this case from the Western District of Texas to the Northern District of Ohio.

## I.   INTRODUCTION

The Northern District of Ohio is a clearly more convenient venue for this case than the Western District of Texas.  The research, design and development of the accused LED tube lamps is centered in Current Lighting's Cleveland, Ohio headquarters.  Known witnesses and evidence, including technical data and financial records, are in Ohio.  In contrast, this case has no connection to the Western District of Texas.  There are no known witnesses in Texas.  There is no relevant evidence in Texas.  Further, Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc. (collectively, "Super Lighting" or "Plaintiffs") have their principal place of business in the People's Republic of China and California, not Texas.

As such, all the key *Volkswagen* factors favor transfer to the Northern District of Ohio and none favor keeping this case in the Western District of Texas.

## II.   FACTUAL BACKGROUND

### A.   Super Lighting Accuses Products Researched and Developed in the Northern District of Ohio

Super Lighting's First Amended Complaint ("FAC") and Preliminary Infringement Contentions ("Contentions") allege that Current Lighting infringes eleven patents[1] by the "unlicensed sale by GE Current of LED tube lamp products" ("Accused Products").  Dkt. 12

---

[1] Super Lighting alleges infringement of U.S. Patent Nos. 9,939,140 (the "'140 Patent"), 10,295,125 (the "'125 Patent"), 11,112,068 (the "'068 Patent"), 9,841,174 (the "'174 Patent"), 9,723,662 (the "'662 Patent"), 9,945,520 (the "'520 Patent"), 10,487,991 (the "'991 Patent"), 10,560,989 (the "'989 Patent"), 10,830,397 (the "'397 Patent"), 10,897,801 (the "'801 Patent"), and 11,441,742 (the "'742 Patent") ("Asserted Patents").

(FAC), ¶ 4; *see* Garza Decl., ¶ 2, Ex. 1, 1-2.   Super Lighting's Preliminary Infringement Contentions allege infringement by 198 LED tube lamp products.  *See* Garza Decl., ¶ 2, Ex. 1, 2-5.  Super Lighting's FAC does not allege that the Accused Products are designed, developed, or manufactured in Texas.

B.   <u>Current Lighting's Likely Witnesses and Documents are Located in the Northern District of Ohio</u>

Current Lighting is headquartered in Beachwood, Ohio, a suburb of Cleveland, Ohio. Boyle Decl., ¶ 7.  Current Lighting was formerly a part of General Electric Company ("GE"), as "Current by GE," and was sold in 2019.  *Id*. ¶ 5.  As of November 2022, approximately 160 of Current Lighting's regular U.S.-based employees are located in Ohio, while approximately 50 of Current Lighting's regular U.S.-based employees are located in Texas.  *Id.* ¶ 8.

Pertinent to this case and the present motion, the U.S.-based teams responsible for the research, design, development, marketing, sales, and technical service of the Accused Products are principally located in the Cleveland, Ohio area.  *Id.* ¶¶ 9, 13, 14.  Specifically, at least the following Current Lighting employees have knowledge relevant to the Accused Products and reside near Cleveland, Ohio:  Thomas Boyle, Matthew Bugenske, Gino Marella, David Kachmarik, Lei Deng, Viral Mehta, and Mark Lovdahl.  *Id.* ¶ 14.  The following third-party witnesses are likely to have knowledge relevant to the Accused Products and are likewise located near Cleveland, Ohio: Gerald Duffy, Josh Rintamaki, and Brandie Basalla.  *Id.* ¶ 15; Garza Decl., ¶ 3, Ex. 2.

While Current Lighting does have some regular employees in Texas, none of the employees in the Del Rio or Austin facilities are responsible for the research, design, development, marketing, sales, or technical service related to the Accused Products.  Boyle Decl.*,* ¶¶ 10–12. Employees in Current Lighting's Del Rio facility are primarily involved in distribution of Current Lighting products, and employees in Current Lighting's Austin facility are primarily involved in

activities relating to Current Lighting's controls business.  *Id.* ¶¶ 11, 12.  Additionally, individuals that were involved in the development of the Accused Products when Current Lighting was owned by GE, are still located in Ohio.  *Id.* ¶ 15; Garza Decl., ¶ 3, Ex. 2.

Further, the electronic and paper records that may be relevant to development of the Accused Products are maintained in and accessible from Ohio.  Boyle Decl., ¶ 13.  The sales and financial data are also maintained in and accessible from Ohio.  *Id*.

In its FAC, Super Lighting identified five employees of "GE Current"—the predecessor to Current Lighting (Boyle Decl., ¶ 5)—as having pre-suit knowledge of some of the Asserted Patents.[2]  FAC, ¶¶ 29, 30, 34, 35.  Three of the identified employees still work for Current Lighting, with two located in China, and one located in Ohio.  Boyle Decl., ¶ 16.  For the two former employees identified in the FAC, one is located in China and the other is still located in Ohio.  Garza Decl., ¶ 4, Ex. 3.  Importantly, none of the individuals identified by Super Lighting in its FAC reside in Western District of Texas or Texas.

### C.    <u>Super Lighting Has No Connections to the Western District of Texas</u>

Plaintiffs themselves have no connection to the Western District of Texas.  Jiaxing Super Lighting Electric Appliance Co., Ltd. is a China corporation with its principal place of business in China.  FAC, ¶ 1.  Obert, Inc. is a California corporation with its principal place of business in Carson, California.  *Id.* ¶ 2.  Super Lighting has no offices, no manufacturing facilities, and no employees in the state of Texas.  Super Lighting's only alleged connection to the Western District of Texas is a prior lawsuit it filed in this District.  *Id.* ¶ 14.

---

[2] Current Lighting disputes the relevance of these communications in its Motion to Dismiss the First Amended Complaint.  Dkt. 14.

**D.      No Potential Third-Party Witnesses or Evidence Are Located in the Western District of Texas**

Authors or manufacturers of relevant prior art are also primarily based in the eastern U.S. or internationally.  For example, Current Lighting has identified four prior art patents and patent publications that are material to the patentability of at least some of the Asserted Patents that have at least 15 inventors, who are not Current Lighting employees, that live and/or work in either North Carolina, Illinois, or Michigan.  Garza Decl., ¶¶ 5–6, Exs. 4, 5.  Moreover, potential prior art LED tube lamps identified by Current Lighting that are material to the patentability of at least some of the Asserted Patents are products of Cree, Inc. in North Carolina, Osram Sylvania in Massachusetts, Keystone Technologies in Pennsylvania, and MaxLite, Inc. in New Jersey.  *Id.* ¶ 7, Ex. 6.

Other potentially relevant witnesses and sources of evidence are located neither in the Western District of Texas nor Texas.  For example, the 15 inventors of the Asserted Patents appear to reside in China.  FAC, Exs. 1–4, 11–17.  The two law firms that prosecuted the Asserted Patents are located in Virginia.  *Id.* (Muir Patent Law Firm is located in Grant Falls, VA and Robertson Mlotkowski Safran Cole & Calderon P.C. is located in McLean, VA).  And, as discussed above, former employees of Current Lighting identified in the FAC are located in China and Ohio, and other individuals that may have relevant knowledge related to the Accused Products are located in Ohio.  Garza Decl., ¶¶ 3–4, Exs. 2, 3.

## III.      STATEMENT OF THE LAW

Section 1404(a) provides that a district court may transfer a civil action to any district in which it might have been filed "[f]or the convenience of parties and witnesses" and "in the interests of justice."  28 U.S.C. § 1404(a).  Fifth Circuit law, as applied by the Federal Circuit, governs the transfer analysis.  *See In re Genentech, Inc*., 566 F.3d 1338, 1342 (Fed. Cir. 2009) (applying Fifth

Circuit law to transfer analysis); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (same). Plaintiffs' venue choice is not a distinct factor to be considered in this analysis: "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *TS Tech*, 551 F.3d at 1320.

The initial inquiry when analyzing a case's eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold is met, the convenience determination turns on assessing four private interest and four public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315; *In re Nintendo, Co. Ltd*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *TS Tech*, 551 F.3d at 1319. The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

## IV. THE TRANSFER ANALYSIS FAVORS TRANSFER TO THE NORTHERN DISTRICT OF OHIO

In this case, this action could have been brought in the Northern District of Ohio; four of the § 1404(a) factors favor transfer; the remainder are neutral; and not a single relevant factor favors the Western District of Texas.

| Factor | More Convenient District |
|---|---|
| 1.  Relative ease of access to sources of proof | N.D. Ohio |
| 2.  Cost of attendance for willing witnesses | N.D. Ohio |
| 3.  Availability of compulsory process to secure the attendance of witnesses | N.D. Ohio |
| 4.  All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| 5.  Administrative difficulties flowing from court congestion | Neutral |
| 6.  Local interest in having localized interests decided at home | N.D. Ohio |
| 7.  Familiarity of the forum with the law that will govern the case | Neutral |
| 8.  Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

This Court has recently granted motions to transfer cases under similar circumstances. *See, e.g., Motion Offense, LLC v. Google LLC*, No. 6:21-cv-514-ADA, 2022 WL 5027730, at \*4, \*10 (W.D. Tex. Oct. 4, 2022) (finding four factors favor transfer, two weighed against transfer, and two were neutral); *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-269-ADA, 2022 WL 4546553, at \*3–8 (W.D. Tex. Sept. 21, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral); *XR Commc'ns, LLC v. Google LLC*, No. 6:21-cv-625-ADA, 2022 WL 3702271, at \*10 (W.D. Tex. Aug. 26, 2022) (finding four factors favor transfer and four were neutral); *LED Wafer Solutions, LLC v Samsung Elecs. Co., Ltd.*, No. 6:21-cv-292-ADA, Dkt. 95 at 18 (W.D. Tex. Aug. 22, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral); *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-cv-121-ADA, 2022 WL 3592451, at \*2–6 (W.D. Tex. Aug. 22, 2022) (finding three factors favor transfer, one weighed against transfer, and four were neutral); *Moskowitz Family LLC v. Globus Med.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710, at \*19 (W.D. Tex. July 2, 2020) (finding three factors favor transfer, one weighed against, and four were neutral).  Accordingly, transfer to the Northern District of Ohio is appropriate.

A. **This Action Could Have Been Brought in the Northern District of Ohio**

The venue statute for patent litigation provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  Current Lighting has designed and developed the Accused Products in its principal place of business near Cleveland, Ohio.  *See* Section II.B, above.  Super Lighting's infringement claims, therefore, could have been brought in the Northern District of Ohio.  Accordingly, the initial inquiry is satisfied.

In its FAC, Super Lighting cites this Court's decision in *ALSI Holdings, LLC v. Current Lighting Solutions, LLC d/b/a GE Current*, Case No. 6-21-cv-01187, 2022 WL 3702268 (W.D. Tex., Aug. 26, 2022) in support of proper venue in the Western District of Texas.  FAC, ¶ 13. *ALSI Holdings* concerned not only Current Lighting, but also HLI Solutions, Inc. ("HLI"), who was added as a defendant in the Second Amended Compliant.  *ALSI Holdings,* 2022 WL 3702268, at *1.  The Court determined that the defendants did not show that the action could have been brought against HLI in the Northern District of Ohio, and thus the defendants did not satisfy the threshold question in the transfer analysis.  *Id*. at *5.  Here, Super Lighting only accuses Current Lighting of infringement, and as such, *ALSI Holdings* is inapplicable.

B. **The Private Interest Factors Favor Transfer to the Northern District of Ohio**

Current Lighting's U.S. operations are headquartered near Cleveland, Ohio.  *See* Section II.B, above*.*  The product engineering and sales teams responsible for bringing the Accused Products to market are based near Cleveland, Ohio.  *See id.*  No witnesses, documents, or third-parties relevant to this litigation reside in Texas.  Accordingly, the cost of attendance for willing witnesses, access to sources of proof, and availability of compulsory process for unwilling witnesses all favor transfer.

1.      Convenience and Cost for Willing Witnesses Strongly Favors Transfer

The convenience and cost of witness attendance is "the single most important factor in the transfer analysis." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *6 (W.D. Tex. Sept. 13, 2019).   The question is not whether "all of the witnesses" reside in the transferee forum, but whether a "substantial number" are there.   *Genentech*, 566 F.3d at 1345. When a substantial number of party and non-party witnesses live in the transferee forum, while few live in the Plaintiffs' chosen forum, transfer should be ordered.   *Genentech*, 566 F.3d at 1342– 45; *Nintendo*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").   A court should properly consider party and non-party witnesses when analyzing this factor.   *Volkswagen I*, 371 F.3d at 204; *In Re: FedEx Corporate Servs., Inc.*, Case No. 22-156, 2022 WL 10887770, at fn.2 (Fed. Cir. Oct. 19, 2022).

Current Lighting is headquartered in Beachwood, Ohio, a suburb of Cleveland, Ohio.  *See* Section II.B, above.  Current Lighting's Del Rio, Texas employees are primarily involved to the distribution of Current Lighting's products other than those accused in this case.  The work done by the Del Rio, Texas employees is unrelated to the research, design and development of the Accused Products.  *See id.*  Current Lighting's Austin, Texas employees are primarily responsible for the activities relating to Current Lighting's controls business, and similarly are not involved the research, design and development of the Accused Products.  *See id*.

The identified Current Lighting witnesses with knowledge relevant to the Accused Products reside near Cleveland, Ohio.  *See id.*  These witnesses are a convenient, inexpensive, and an easy commute away from the respective Cleveland, Akron, and Youngstown courthouses in the Northern District of Ohio.  Conversely, these witnesses would be required to travel over 1,200

miles from the Northern District of Ohio to the Western District of Texas.  This commute difference between the two venues means spending days instead of mere hours away from home, work, and family.  Significant travel burdens are often cited as a key reason why transfer is appropriate.  *See, e.g., Volkswagen II*, 545 F.3d at 317; *LBT IP II*, 2022 WL 2541355, at \*5; *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at \*4 (Fed. Cir. Sept. 27, 2021) ("*Google I*") ("While it is true that the witnesses in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify."); *FedEx*, 2022 WL 10887770, at fn.2.

Not only is the Northern District of Ohio substantially more convenient for Current Lighting, but it is not any *less* convenient for Super Lighting.  None of the named inventors or prosecuting attorneys for the Asserted Patents are in the Western District of Texas.  *See* Sections II.C and D, above.  Super Lighting has failed to list even a single witness residing in Texas, let alone in the Western District of Texas.  Super Lighting's principal places of business are in China and California—they do not appear to have corporate offices, satellite offices, or employees with relevant information in Texas.  *See* FAC, ¶¶ 1, 2.  Because "there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor factors transfer."  *Google I*, 2021 WL 4427899, at \*4; *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at \*6 (Fed. Cir. Oct. 13, 2021) ("[T]he litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business."); *see also Lynk Labs, Inc. v. Home Depot USA, Inc.*, 6:21-cv-00097-ADA, 2022 WL 1593366, at \*12 (W.D. Tex. Dec. 8, 2021) (granting motion to transfer).

### 2.   Relative Ease of Access to Sources of Proof Strongly Favors Transfer

Access to sources of proof is easier in the Northern District of Ohio than in the Western District of Texas.  Evidence in a patent infringement suit typically comes from the accused

infringer.[3]  *Nintendo*, 589 F.3d at 1199; *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("*Google II*").  Here, the relevant party possessing technical and other relevant documents is overwhelmingly Current Lighting.

When evaluating this factor "it is erroneous not to consider: 'the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval.'"  *LBT IP II LLC v. Uber Techs., Inc.*, No. 6:21-CV-1210-ADA, 2022 WL 2541355, at *2 (W.D. Tex. July 6, 2022) (quoting *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *7 (Fed. Cir. Nov. 15, 2021) ("*Google III*")).  Because the design and development of the Accused Products takes place at Current Lighting's headquarters near Cleveland, Ohio, relevant technical documents are generated, maintained, and located both physically and electronically in the Northern District of Ohio.  *See* Section II.B.  Additionally, relevant documents relating to financial information (e.g., sales data) for the Accused Products are likewise generated, maintained, and located both physically and electronically in the Northern District of Ohio. *See id.*

Further, the Western District of Texas is a much less convenient venue for the purposes of this analysis because a substantial number of Current Lighting's relevant witnesses that can offer context for the relevant documents are located around Cleveland, Ohio.  Moreover, Super Lighting has failed to identify a single relevant document in the Western District of Texas.  No future sources of proof are likely to ever originate from Texas, as Current Lighting's technical LED tube

---

[3]        The physical location of documents and evidence remains a factor despite advances in copying and electronic data transfer technologies.  *Genentech*, 566 F.3d at 1345–46; *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1008–09 (Fed. Cir. 2013) (finding arguments that "digital information is 'effectively stored everywhere, including the Eastern District of Texas' . . . does not negate the significance of having trial closer to where [the relevant witnesses] physical documents and employee notebooks are located" because "[t]he critical inquiry 'is relative ease of access, not absolute ease of access'"); *Volkswagen II*, 545 F.3d at 316 (the fact that "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous").

lamp expertise is based near Cleveland, Ohio and Super Lighting's corporate offices are based in China and California.  *See* Section II.B, above; FAC, ¶¶ 1, 2; *Motion Offense*, 2022 WL 5027730, at *6 ("the fact that some evidence is stored in places outside both forums does not weigh against transfer") (quoting *Google II*, 2021 WL 4592280, at *7).

Accordingly, as between the Western District of Texas and the Northern District of Ohio this private interest factor weighs heavily in favor of transfer.

### 3.   Availability of Compulsory Process Favors Transfer

This factor addresses the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order.  *Volkswagen II*, 545 F.3d at 316.  The Federal Rules permit a court to subpoena a witness to attend trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1).  "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor."  *Super Interconnect Techs. v. Google LLC*, No. 6:21-CV-00259-ADA, 2021 WL 6015465, at *5 (W.D. Tex. Nov. 5, 2021) (citing *In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) *and In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)).

Current Lighting identified three third-party witnesses who are likely to have knowledge relevant to the Accused Products and may require a subpoena to compel their attendance at trial.  *See* Section II.B, above.  All three individuals are located near Cleveland, Ohio and are within 100 miles of the Cleveland, Akron, and Youngstown courthouses in the Northern District of Ohio.  *See id.*  One of the former employees of Current Lighting identified by Super Lighting in its FAC is

also located in the Cleveland area.  *Id*.  Additionally, while many of the prior art inventors and manufacturers are not located within 100 miles of the Cleveland, Ohio courthouse, many are much closer to the Northern District of Ohio than the Western District of Texas.  *See* Section II.D, above. Thus, to the extent they are requested to and consent to attending trial, the Northern District of Ohio is more convenient.  In contrast, there are no relevant third-party witnesses within the subpoena power of the Western District of Texas.

Therefore, this factor weighs in favor of transfer.  *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021), *cert. denied sub nom. Ikorongo Texas LLC v. Samsung Elecs. Co.*, 212 L. Ed. 2d 540, 142 S. Ct. 1445 (2022) ("Even if not all witnesses testify, with nothing on the other side of the ledger, the factor strongly favors transfer."); *Genentech*, 566 F.3d at 1345 (concluding that compulsory-process factor "weighs in favor of transfer" where "there is a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021) ("[W]here, as here, the movant has identified multiple third-party witnesses and shown that they are overwhelming located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness.").

### 4.   Other Practical Factors Are Neutral

Other practical factors relate to the ease, expense, and expediency of trial.  *See Volkswagen II*, 545 F.3d at 315–17.  This case is in its infancy.  The Court has not decided any substantive motions, the claim construction process has not yet begun, no invalidity contentions have been provided, and a scheduling order has not been entered.  Transferring this case to the Northern District of Ohio does not pose a risk of any meaningful delay.  Accordingly, this private interest factor is neutral.

**C.**     **The Public Interest Factors Favor Transfer to the Northern District of Ohio**

The public interest factors favor transfer to the Northern District of Ohio.  Unlike the Western District of Texas, the Northern District of Ohio has a strong connection to, and local interest in, this case.  The remaining factors such as court congestion and familiarity with the law are neutral.

1.     Local Interest in Adjudicating Local Disputes Favors Transfer

The Northern District of Ohio has a substantially stronger local interest in this litigation than the Western District of Texas.  "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and ***the events that gave rise to a suit***.'"  *In re: Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (quoting *Acer*, 626 F.3d at 1256) (emphasis in original); *see also FedEx*, 2022 WL 10887770, at *2 (Fed. Cir. Oct. 19, 2022) (finding error where district court incorrectly concluded the plaintiff's "general presence in Texas and mere ownership of the patents" reflected a local interest sufficient to outweigh the defendants' home forum "where accused products were researched, designed, developed, and maintained by individuals who continue to live and work in that community").  The Court must consider "where 'the accused products were designed and developed.'"  *Motion Offense*, 2022 WL 5027730, at *13 (quoting *Google I*, 2021 WL 4427899, at *6).  Additionally, "the Federal Circuit has long held that 'the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue.'"  *Id.* (quoting *Google II*, 2021 WL 4592280, at *6).

This factor weighs in favor of transfer.  Current Lighting's LED tube lamp business has the strongest presence near Cleveland, Ohio, tracing its roots to GE that was established over a

- 13 -

century ago in Cleveland, Ohio.[4]  The events giving rise to this case have "significant connections" with the Northern District of Ohio.  Current Lighting's design, development, and marketing of the Accused Products occurs predominately near Cleveland, Ohio where a significant number of employees are based.  Thus, the Northern District of Ohio has a strong local interest in this matter because the design and development of the accused products in the transferee forum are "significant factors" that provide "a legitimate interest in adjudicating the cases 'at home.'" *Samsung*, 2 F.4th at 1380 (citing *Apple*, 979 F.3d at 1344–45).

2.    Administrative Difficulties Flowing from Court Congestion is Neutral

This factor—the consideration of administrative difficulties flowing from court congestion—is neutral.  Court congestion is considered "the most speculative" factor, and "the speed of the transferee district court should not alone outweigh all [] other factors." *Genentech*, 566 F.3d at 1347; *see also Hulu,* 2021 WL 3278194, at *5.  Rather, courts should consider "the close similarity of cases per judgeship and average time to trial of the two forums, [while] disregarding the particular district court's ability to push an aggressive trial date." *Hulu*, 2021 WL 3278194, at *5.

Judges in the Northern District of Ohio have a much lower caseload than this Court.  As of November 2022, there were 19 open patent cases in the Northern District of Ohio.  Garza Decl., ¶ 8, Ex. 7.  On the other hand, there were 889 open patent cases in the Western District of Texas. *See id.*  The median time-to-trial for patent cases in the Northern District of Ohio is 936 days, compared to 730 days for the Western District of Texas. *See id.*  And, although patent cases

---

[4] *See* Ben Miller, *GE Lighting, founded in East Cleveland 130 years ago, has been sold to a Boston company*, CLEVELAND BUSINESS JOURNAL (May 27, 2020), https://www.bizjournals.com/cleveland/news/2020/05/27/savant-buying-ge-lighting-of-east-cleveland.html.

typically are scheduled to reach trial sooner in the Western District of Texas, "a court's general ability to set a fast-paced schedule is not particularly relevant to the court congestion factor." *Hulu*, 2021 WL 3278194, at \*5 (internal quotes omitted).  Given the fact that this factor is "speculative," the caseload in the Northern District of Ohio and the time-to-trial statistics, this factor is neutral.

    3. <u>Familiarity With the Law, and Avoidance of Conflicts Factors Are Neutral</u>

  The remaining two public interest factors, familiarity with the law and avoidance of problems of conflicts of law or application of foreign law, are neutral.  Both the Northern District of Ohio and the Western District of Texas are familiar with federal patent law.  *See TS Tech*, 551 F.3d at 1320 (finding that the transferee and transferor courts were both "capable of applying patent law to infringement claims").  Also, no prospect for any problems of conflicts of law exists in this case.

## V. <u>CONCLUSION</u>

  This case has no ties to the Western District of Texas.  All the private and public factors either favor transfer or are neutral.  Accordingly, Current respectfully requests the Court to transfer this case to the Northern District of Ohio in the interest of justice.

Dated: November 15, 2022

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**


_____*/s/ Arthur P. Licygiewicz*_____

Arthur P. Licygiewicz
State Bar No. 24128778
art.licygiewicz@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201
Tel:  214-855-8000
Fax:  214-855-8200

Catherine Garza
State Bar No. 24073318
cat.garza@nortonrosefulbright.com
Gabriel Culver
State Bar No. 24116240
gabriel.culver@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3114

*Attorneys for Current Lighting Solutions, LLC*


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for the parties have conferred and the Plaintiffs are opposed to this motion.

_____*/s/ Catherine Garza*_____
Catherine Garza

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 15, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Catherine Garza*
Catherine Garza
